# **EXHIBIT A: PROPOSED COMPLAINT:**

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

DORA L. ADKINS,
P.O. BOX 3825
MERRIFIELD, VA 22116

Plaintiff (*pro se*),

V. CIVIL ACTION NO.: 1:26 CV 3361

GIANT FOOD, LLC,
Registered Agent/Registered
CORPORATION SERVICE COMPANY
100 Shockoe Slip Fl 2
RICHMOND, VA, 23219 - 4100, USA,

Defendant.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

**PROPOSED COMPLAINT:**

COMES NOW the Plaintiff, Dora L. Adkins, *pro se*, provides a "Proposed Complaint," against the " **Defendant Giant Food, LLC."** This Proposed Complaint includes the following: **Count #I: Gross Negligence** allows for punitive damages under Plaintiff's facts that proves and supports extremely high legal threshold. **Count #II: Intentional Infliction of Emotional Distress (IIED)** is the primary cause of action that allows a **Claim** for **Punitive Damages** for Count #1; Gross Negligence and Count #III: Intentional Infliction of Emotional Distress, and **Count #III: Breach of Implied Warranty of Merchantability;** as a *Prima Facie* Case Cause of Action, states as follows:

## DIVERSITY JURISDICTION

This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the Plaintiff, Dora L. Adkins resides in the State of Virginia; specifically, Fairfax County.

**PARTIES AND JURISDICTION**

1. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)(1)** based on complete diversity of citizenship between the parties and an amount in controversy that exceeds the statutory threshold. (**EXHIBIT #3:** *See,* Copy of Proof of Diversity for **Defendant, Giant Food, LLC**.

2. Plaintiff is a resident of Merrifield, Virginia, and a retail consumer who frequently conducts commercial transactions at Giant Food locations in Northern Virginia.

3. Defendant Giant Food, LLC is a major supermarket chain operating retail grocery stores within the jurisdiction of this Court.

4. Venue and jurisdiction are proper in this Court because the events giving rise to these claims occurred across multiple store locations within Northern Virginia, and Defendant conducts substantial business within this Commonwealth.

5. Defendant Giant Food, LLC Principal Office Address is 8301 PROFESSIONAL PLACE, STE 115, LANDOVER, MD, 20785, USA.

6. Complete diversity exists because the Defendant is a citizen of different state as the Plaintiff.

7. The amount in controversy legitimately exceeds **$75,000.00**, exclusive of interest and costs, as set forth in the underlying claims and the accompanying Prayer for Relief.

8. Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events, omissions, and operational injuries giving rise to these claims occurred at commercial properties situated within this judicial district.

9. Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events, omissions, and operational injuries giving rise to these claims occurred at commercial properties situated within this judicial district.

**STATEMENT OF FACTS**

10. On August 13, 2026, Plaintiff visited the Giant Food location in Annandale, Virginia, to purchase custom steamed crab legs from the seafood department. (**EXHIBIT #1**) *See*, Copy of Receipt, dated August 13, 2026.

11. During this transaction, an employee in the seafood department deliberately targeted Plaintiff by severely overcooking the seafood for 10-minutes and/or until the crab legs was completely inedible.

12. While preparing Plaintiff's food, the employee actively violated basic human safety protocols by placing hazardous cleaning chemicals directly next to the crab legs.

13. The store manager came by before leaving and asked the employee if he needed anything before the store manager left for the day.

14. Plaintiff subsequently consumed a portion of the contaminated over-steamed seafood and/or completed dried up, directly resulting in severe physical illness, including a severe stomach ache and a severe migraine headache.

15. On September 10, 2026, Plaintiff went to the Giant location in Kingstowne, located in Alexandria, Virginia, to purchase custom-steamed crab legs from the seafood department. (**EXHIBIT #2**) *See*, Copy of Receipt, Dated September 10, 2026.

16. The store manager for Giant Kingtowne, Alexandria, VA came as soon as Plaintiff arrived and stood by the Plaintiff in the seafood department on a cell telephone the entire time of 3-minutes to steam the crab legs and ignored

the blatant safety violations actions by the employee. The store manager asked the employee if he needed anything.

17. The employee unthawed some crab legs from the back freezer because the employee ran out of crab legs in the front case for the seafood department and the employee placed the crab legs from the freezer directly out of their bags into a dirty sink.

18. The employee handed the steamed crab legs to the Plaintiff in an open bag which burned Plaintiff's hand and the employee responded, "you requested to have the crab legs steamed." The bag of custom steamed crab legs should have been closed to preserve the temperature of the custom steamed crab legs and to prevent any physical injury of burns.

19. During a trip to the Giant Food located in Vienna, VA, in March 2026, two employees targeted the Plaintiff and took non-stop and unwanted cell photos in close proximity to the Plaintiff.

20. The Plaintiff, not wanting to make a scene, asked another employee for Giant Food located in Falls Church, VA, whether the employees for Giant Food were and/or are allowed to take cell photos of its customers. The employee responded, "absolutely not."

21. The combination of these targeted, hazardous, and harassing actions across store locations caused Plaintiff severe physical injury, severe emotional distress, and fear for personal safety during public retail transactions.

---

**COUNT I: GROSS NEGLIGENCE**

16. Plaintiff realleges and incorporates by reference Paragraphs 10 through 21 as if fully set forth herein.

17. Defendant Giant Food, LLC owed a legal duty of care to Plaintiff, an invitee and consumer, to maintain clean facilities, prepare food safely according to standard health codes, and ensure environment safety free from active employee hazards.

18. Defendant, Giant Food, LLC by and through its employees and supervising managers, breached this duty with an utter lack of slight care by preparing food in a contaminated sink, placing toxic cleaning chemicals adjacent to items meant for human consumption, handing over a dangerously hot bag that actively burned Plaintiff's hand, and actively failing to supervise or intervene when these violations occurred in plain view of management.

19. As a direct and proximate result of Defendant's gross negligence, Plaintiff suffered severe physical injury, including a burned hand, severe stomach illness, and debilitating migraine headaches.

20. **Aggravated Conduct and Willful and Wanton Negligence:** Defendant's breaches went beyond a total lack of care and rose to the level of willful and wanton negligence. Defendant, Giant Food, LLC acted with a reckless indifference to the consequences of its actions, fully aware that its operational failures would naturally and probably result in severe physical injury to the Plaintiff. Because Defendant's gross negligence constitutes a conscious and callous disregard for human health and safety, Plaintiff is entitled to an award of **Punitive Damages** under this Count.

---

**COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

21. Plaintiff realleges and incorporates by reference Paragraphs 10 through 21 as if fully set forth herein.

22. Defendant, Giant Food, LLC employees engaged in intentional, reckless, and targeted harassment against Plaintiff by intentionally destroying and contaminating the food and surrounding Plaintiff to take non-stop, close-proximity photographs without permission.

23. This conduct is extreme, outrageous, and completely intolerable in a civilized society, violating Defendant's own corporate public conduct policies.

24. As a direct and proximate result of this targeting, Plaintiff suffered severe emotional trauma, stress, and a continuous fear for personal physical safety during routine commercial transactions.

25. **Actual Malice and Outrageous Conduct:** Defendant, Giant Food, LLC by and through its employees and managers, did not engage in inadvertent or accidental behavior, but rather deliberately targeted the Plaintiff across multiple commercial locations through systematic harassment, non-stop unwanted close-proximity photography, and intentional food tampering. This calculated, hostile targeting of a retail consumer was executed with actual malice, ill will, and the specific intent to humiliate, intimidate, and inflict severe emotional trauma and fear for personal safety upon the Plaintiff. Because Defendant's actions were malicious, oppressive, and entirely intolerable, Plaintiff is entitled to an award of **Punitive Damages** under this Count.

---

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiff realleges and incorporates by reference Paragraphs 10 through 21 as if fully set forth herein.

27. Defendant, Giant Food, LLC is a merchant with respect to retail food items under Virginia Code § 8.2-314, implicitly warranting that the food items it sells are safe, wholesome, and fit for the ordinary purpose of human consumption.

28. Defendant, Giant Food, LLC breached this implied warranty by selling crab legs that were completely inedible, exposed to toxic chemical cleaners, and thawed in an unsanitary, dirty sink.

29. As a direct and proximate result of consuming this unmerchantable food, Plaintiff suffered severe physical illness.

---

## CLAIM #1: CLAIM FOR PUNITIVE DAMAGES

30. Plaintiff realleges and incorporates by reference Paragraphs 10 through 21 as if fully set forth herein.

31. At all times relevant, Defendant Giant Food, LLC, through its authorized employees and managers, acted with actual malice, ill will, and a conscious, reckless disregard for the safety, health, and well-being of the Plaintiff.

32. The standard for **Actual Malice** is met because Defendant's employees deliberately, systematically, and repeatedly targeted the Plaintiff across multiple store locations with the express purpose or reckless disregard of causing severe emotional distress and fear for personal safety.

33. The standard for **Willful and Wanton Negligence** is met because Defendant's employees actively introduced toxic cleaning chemical hazards into the food preparation area and unthawed seafood in a dirty, unsanitary sink, while store managers had actual, contemporaneous knowledge of these events and completely ignored the blatant safety violations.

34. As a direct and proximate result of Defendant's malicious, willful, and wanton conduct, Plaintiff suffered severe physical injuries, severe emotional trauma, and distress.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Giant Food, LLC, and award the following relief:

1. **Compensatory Damages** under Counts I, II, and III in an amount to be proven at trial;

2. **Punitive Damages** under Counts I, II in an amount to be determined at trial, up to the statutory maximum of **$350,000** pursuant to Virginia Code § 8.01-38.1;

3. Pre-judgment and post-judgment interest as allowed by law; and

4. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: October 7, 2026

Respectfully submitted,

**Dora L. Adkins, Plaintiff Pro Se**

DORA L. ADKINS,
P.O. BOX 3825
MERRIFIELD, VA 22116
703-751-8653

# ADDENDUM

## COMPENSATORY DAMAGES:

1. "In accord with the foregoings, Plaintiff claim damages against Defendant, Giant Food, LLC as follows:"

A. Compensatory Damages: TOTAL =

(i)

Note: The Plaintiff reserves the right to amend the compensatory (which was not added in) and the amounts for Gross Negligence**;** Intentional Infliction of Emotional Distress; Breach of Implied Warranty of Merchantability and for Punitive Damages as a *Prima Facie* Case.

B. DAMAGES: SIX- MILLION DOLLARS AND $350,000 DOLLARS for Punitive Damages:

**Count #I: Gross Negligence (2-Million Dollars)** allows for punitive damages under Plaintiff's facts that proves and supports extremely high legal threshold.

**Count #II: Intentional Infliction of Emotional Distress (IIED) (2-Million Dollars)** is the primary cause of action that allows a **Claim** for **Punitive Damages** 2 - million for Count #1: Gross Negligence and Count #II: Intentional Infliction of Emotional Distress, and **Count #III:** Breach of Implied Warranty of Merchantability **(2-Million Dollars)** = Total of ~~$6~~ #8 LRA Million Dollars and/or ~~$6~~ $8,350,000 LRA as a *Prima Facie* Case.

JURY DEMANDED

2. Trial by jury is demanded.

WHEREFORE, Plaintiff demands judgment against the **Defendant,** Giant Food, LLC**,**" in the TOTAL amount = $6-MILLION DOLLARS combined for **Count #I: Gross Negligence (2-Million Dollars)** allows for punitive damages under Plaintiff's facts that proves and supports extremely high legal threshold. **Count #II: Intentional Infliction of Emotional Distress (IIED) (2-Million Dollars)** is the primary cause of action that allows a **Claim** for **Punitive Damages** $2 million for Count #1; Gross Negligence and Count #II: Intentional Infliction of Emotional Distress, and **Count #III: Breach of Implied Warranty of Merchantability (2-Million Dollars)** = Total of ~~$6~~ $8 Million Dollars as a *Prima Facie* Case and/or whatever else the Court deem appropriate.

Respectfully Yours,

Dora L. Adkins

Dora L. Adkins, *pro se*

Dora L. Adkins

P.O. Box 3825
Merrifield, Virginia 22116
DoraAdkins7@aol.com (Not
accessible to Plaintiff)
703-751-8653 (No Working
Telephone)

**Note**: There is no way to contact the Plaintiff; except, by U.S. Mail to the above address because there is no working telephone number(s) to provide.

Registered Agent/Registered
CORPORATION SERVICE COMPANY
100 Shockoe Slip Fl 2
RICHMOND, VA, 23219 - 4100, USA,

**CERTIFICATE OF SERVICE:**

I certify that on October 7, 2026, I filed a "Proposed Complaint" with the Clerk's Office along with three Exhibit as it relates to Giant Food, LLC., and to the Registered Office for Giant Food, LLC.

GIANT FOOD, LLC, Defendant
Registered Agent/Registered
CORPORATION SERVICE COMPANY
100 Shockoe Slip Fl 2
RICHMOND, VA, 23219 - 4100, USA,

Respectfully Yours,

Dora L. Adkins

Dora L. Adkins, *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DORA L. ADKINS,

Plaintiff,

v. Civil Action No.:

GIANT FOOD, LLC.,

Defendant.

**CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of this document.

Dora L. Adkins

Name of Pro Se Party (Print or Type)

Executed on October 7, 2026 (Date)

**OR**

Dora L. Adkins

(Name of Attorney)

No Telephone Number

(Telephone Number of Attorney)

Prepared or assisted in preparation of this document.

Dora L. Adkins

Name of Pro Se Party (Print or Type)

Dora L. Adkins

Signature of Pro Se Party (Print or Type)

Executed on October 7, 2026 (Date)